## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**JARMER ROBERSON**                                                    **PLAINTIFF**
**ADC #176230**

**v.**                    **No: 4:20-cv-00811 KGB-PSH**

**BRYANT SLAUGHTER,** *et al.*                                    **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge Kristine G. Baker.  You may file written objections to all or part of this recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this recommendation.  By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Jarmer Roberson ("Roberson") filed a complaint pursuant to 42 U.S.C. § 1983 on July 6, 2020 (Doc. No. 2).  Before the Court is a Motion for Contempt Citation Requesting Dismissal filed by Defendants Bryant Slaughter, Akins, Dillard, and Jim Glennon (the "Defendants") (Doc. No. 109).  The Defendants move to dismiss this case because Roberson has failed to comply with

several court orders, including an order directing him to answer their discovery requests or clearly state any grounds for objecting to those requests.

On May 12, 2021, the Defendants filed a motion to compel responses to discovery requests, identified as First Set of Interrogatories and Request for Production of Documents and Requests for Admissions, served on Roberson on or about March 16, 2021 (Doc. No. 100). The Defendants attached to their motion a copy of the March 16, 2021 letter sent to Roberson enclosing their discovery requests, and also attached a copy of the April 23, 2021 letter in which they sent the requests to Roberson once again. Doc. Nos. 100-1 & 100-2. In his response to the motion, Roberson did not dispute the Defendants' claim that he did not respond to the discovery requests. Instead, Roberson simply objected to the discovery requests and asked the Court to waive further action (Doc. No. 102). Roberson did not provide any grounds for his objection or state any excuse for failing to respond to the discovery requests. [1]

On May 19, 2021, the Court granted the Defendants' motion to compel and ordered Roberson to respond to the discovery requests within 30 days and to clearly state the grounds for any objection to those requests (Doc. No. 103). Roberson was informed that his failure to comply could result in sanctions, including dismissal of

---

[1] The Defendants also noted in their motion that Roberson continued to file discovery requests with the Court despite Court orders informing him not to.

this case. *Id.* Roberson filed two responses (Doc. Nos. 105 & 107), but neither provided responses to the Defendants' discovery requests. Instead, Roberson objected on grounds that the Defendants asserted failure to exhaust and qualified immunity from the beginning of the lawsuit, stating that the Defendants "switch up and change defenses so I wish to object and not respond to any questions that defendants have so that I would protect myself and the defenses I have been claiming from the start of this law-suit." Doc. No. 105; *see also* Doc. No. 107 ("I chose to object to protect what I have been claiming from the start of the law-suit so that the Defendants don't have any grounds to stand on off my statments."). [2]

On June 22, 2021, the Defendants moved to dismiss this case as a sanction because Roberson failed to comply with the Court's order compelling him to respond to their discovery requests (Doc. No. 109). Roberson was notified of the opportunity to file a response to the motion to dismiss (Doc. No. 110), but he did not do so. He instead filed a motion for copies (Doc. No. 111) and a motion to compel, once again complaining about the defenses raised by the Defendants and stating that he needed video evidence to bring about closure to his case (Doc. No. 112). His motion to

---

[2] The Court previously informed Roberson that he need not address any defenses raised by the Defendants until they filed a motion raising such defenses. *See* Doc. No. 76.

compel was denied because he did not describe the video he seeks or his efforts to obtain it during discovery. *See* Doc. No. 113.

Rule 37(d) of the Federal Rules of Civil Procedure allows a district court to dismiss an action when a party fails to respond to discovery requests. *See also Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994) (no motion to compel is required before dismissal under Rule 37(d)). Likewise, Rule 41(b) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss an action or any claim against it when the plaintiff fails to prosecute or comply with the Rules of Civil Procedure or a court order.

Roberson's failure to respond to the Defendants' discovery requests is cause for the dismissal of this case, as is his failure to comply with the Court's order compelling such responses. His objections are not valid and provide no excuse for his failure to respond to the Defendants' discovery requests. As the plaintiff in this action, Roberson is obligated to respond to appropriate discovery requests from the Defendants. He cannot file a lawsuit and simply refuse to answer questions about it. Accordingly, the Court recommends that the Defendants' motion (Doc. No. 109) be granted, and this case be dismissed without prejudice. The Court further recommends that Roberson's motion for settlement conference (Doc. No. 77) be denied as moot should District Judge Baker adopt this recommendation.

DATED this 22nd day of July, 2021.

_____
UNITED STATES MAGISTRATE JUDGE